FILED
2008 Jul-30  AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **NEAL FARMER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 4:08-CV-748-VEH** |
| | ) |
| **STATE FARM FIRE AND** | ) |
| **CASUALTY COMPANY; BENITA** | ) |
| **D. BEDDINGFIELD; et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

Before the court is the Motion to Remand this action to the Circuit Court of Etowah County, Alabama, filed by the Plaintiff, Neal Farmer ("Farmer"), on May 28, 2008. (Doc. 5). For the reasons explained herein, the motion is due to be **GRANTED**.

### I.   FACTUAL AND PROCEDURAL HISTORY

This action was initiated in the Circuit Court of Etowah County, Alabama, on March 24, 2008. (Complaint, Doc. 1, exh. A). In his Complaint, Farmer alleged that the Defendant, State Farm Fire and Casualty Company ("State Farm"), improperly denied insurance benefits after Farmer suffered fire damage to a commercial building

he owned and which is located at 1023 Forrest Avenue, Gadsden, Alabama. (*Id.*, pg. 18 of 63, ¶¶ 2, 4, 5, 9).

According to a "Building Partnership Agreement" submitted into evidence, Farmer had conveyed a 50% ownership interest in the building to Michael Pearce ("Pearce"), a resident of Arizona who is not a party to this action. (Doc. 8, exh. 2). Farmer alleges that Pearce took out a policy of insurance on the building that was, according to Farmer, intended to include both Pearce and Farmer as beneficiaries.

The policy was drafted by Benita D. Beddingfield ("Beddingfield"), a State Farm insurance agent, and included only Pearce as a beneficiary. (Doc. 1, pg. 17 of 63, ¶ 3). Pearce apparently applied for coverage and represented in his application that he was the only person with an ownership interest in the building. (*Id.*). Farmer did not discover that he was not a beneficiary under the policy until after the building was damaged by fire on August 16, 2006, thus leading to this action. (*Id.* ¶ 4).

In his State court Complaint, Farmer included Beddingfield as an individual defendant in addition to State Farm. (*Id.*, page 19 of 63, ¶¶ 16, 17). Farmer is a citizen of Alabama. (Doc. 1, ¶ 2(a)). State Farm is incorporated under the laws of Illinois. (*Id.*, ¶ 2(b)). Benita Beddingfield is a citizen of Alabama. (*Id.*, ¶ 2(d)).

On April 28, 2008, Defendants removed the action to this court on the basis of diversity of citizenship. (Doc. 1, ¶ 2). On May 28, 2008, Farmer filed the pending

Motion to Remand the action back to State court. (Doc. 5). The motion has been fully briefed and is now subject to the court's review.

## II. ANALYSIS

In their removal notice, Defendants argue that the court has diversity jurisdiction – despite Farmer's and Beddingfield's common citizenship of Alabama – because Farmer's joinder of Beddingfield was fraudulent and for the purpose of defeating federal diversity jurisdiction.

Farmer disputes this argument and explains in his Motion to Remand that his joinder of Beddingfield was not fraudulent because he asserts viable claims against her as well as against State Farm. As Defendants allege no further basis for this court to exercise jurisdiction over this action, their fraudulent joinder argument is the only issue addressed by this court.[1]

The Eleventh Circuit has instructed that

> "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of

---

[1] Farmer originally argued that Defendants' removal was untimely pursuant to 28 U.S.C. § 1446(b), under which Defendants had until April 26, 2008 to remove to this court. However, Defendants correctly point out that, because April 26, 2008 fell on a Saturday, pursuant to FED. R. CIV. P. 6(a), they were allowed until the following Monday, April 28, 2008, to file their removal documents. As stated *supra*, this action was removed on April 28, 2008. Farmer has since withdrawn his timeliness argument.

citizenship." *Henderson* [*v. Washington Nat. Ins. Co.*], 454 F.3d [1278,] 1281 [(11th Cir.2006)] (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 126 S.Ct. 606, 613, 163 L.Ed.2d 415 (2005); 28 U.S.C. § 1441(b)). However, if a defendant shows that "there is no possibility the plaintiff can establish a cause of action against the resident defendant," then the plaintiff is said to have fraudulently joined the non-diverse defendant. *Id*. (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)). [ ] In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court. *Id*.

******

As we stated in *Henderson*, "[a] district court [is] correct to deny [a] motion to remand only if there was no possibility that [a plaintiff] could have maintained a cause of action against [the resident defendant] in . . . state court." 454 F.3d at 1281-82.

******

[O]n a motion for remand, the federal court's analysis "must be limited to determining whether Plaintiffs have even an arguable claim. So, any ambiguity or doubt about the substantive state law favors remand to state court." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). We hold that, if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary. *Henderson*, 454 F.3d at 1284; *Crowe*, 113 F.3d at 1540; *see also Parks v. The New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962).

*Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297, 1299 (11th Cir. 2007).[2]

---

[2] Furthermore, "[t]he potential for legal liability "must be reasonable, not merely theoretical.' *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). In considering possible state law claims, possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role.' *Braden v. Wyeth*, CV-04-PT-235-E (N.D. Ala. June 30, 2004)." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n. 5 (11th

The former Fifth Circuit has explained the following in the context of fraudulent joinder:

> *Morris v. E. I. Dupont de Nemours & Company*, 8 Cir., 1934, 68 F.2d 788 teaches that the determination of fraudulent joinder is to be based on whether there was a real intention on colorable grounds to procure a joint judgment. <u>Doubt as to whether under the state law a case of joint liability is stated, [ ] will not render the joinder fraudulent</u>. On the other hand, there must be some reasonable basis for believing that there is joint liability. <u>The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant *could not possibly create such liability* so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous</u>.
>
> ******
>
> *Wells v. Missouri Pacific R. Co.*, 8 Cir., 1937, 87 F.2d 579, holds that the burden on a motion to remand to the state court is on the party who removed to the federal court, and that a complaint in the state court is good as against a motion to remove if it evidences a real intention to get a joint judgment, and if colorable ground for such judgment is shown. It follows *Morris v. Dupont*, *supra*, in the view that <u>doubtful issues of law due to absence of definite pronouncements by the state supreme court are to be tried in the court having original jurisdiction</u> of the case and are not to be determined in a removal proceeding.

*Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962).[3]

In *Florence*, the district court denied a motion to remand on the basis that joinder of the resident defendant was fraudulent, because State law "could not

---

Cir. 2005).

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all cases decided by the Fifth Circuit Court of Appeals prior to October 1, 1981 are binding on this court).

5

possibly" impose liability on that defendant on the facts alleged in the Complaint. *See Florence*, 484 F.3d at 1299. The Eleventh Circuit disagreed, explaining that, while the district court may have been correct in this conclusion, it was not mandated by State law because State law was unclear on the subject. *Id*. The Eleventh Circuit concluded that the district court should have remanded the case. *Id*. This court is similarly bound to grant Farmer's Motion to Remand, unless Defendants show that Alabama law <u>clearly</u> mandates that Beddingfield cannot possibly be liable to Farmer.

In his Complaint, Farmer asserts three claims against Defendants – breach of contract against State Farm, reformation of the insurance policy against both State Farm and Beddingfield, and negligence against Beddingfield.[4] Defendants attempt to carry their burden by arguing that Beddingfield cannot – as a matter of Alabama law – be liable to Farmer for either negligence or for reformation of the insurance policy.

---

[4] There is some dispute between the parties as to whether Farmer brings his reformation claim against Beddingfield. The language in that count of the Complaint is ambiguous as to whether Farmer asserts the claim against State Farm and Beddingfield or against State Farm only. *See* Complaint, Doc. 1 pg. 18 of 63, ¶ 13 (alleging that "there was a mistake on the part of Michael Pearce and/or Defendants State Farm which the other knew or suspected. The Defendants knew or should have suspected that Plaintiff was the true owner of said property as opposed to Michael Pearce. [ ] [T]he Defendants were put on notice of the contents of [the] deed [to the office building]. [ ] Further, Defendants by mistake only named Michael Pearce as an insured [on the insurance policy drafted by Beddingfield]"). Given the repeated reference to "Defendants," and to Beddingfield's alleged role as the drafter of the policy, the court concludes that the reformation claim is asserted against both Defendants, not State Farm only.

The crux of Defendants' argument as to Farmer's negligence claim appears to be that Beddingfield did not owe Farmer a duty to include him as a beneficiary under the policy. According to Defendants, Beddingfield was "entitled to rely" on all representations made by Pearce on his application for coverage, including his statement that no other ownership interest existed on the insured property but his own. Defendants conclude that, on this basis, Farmer's exclusion from the policy should not be imputed as negligence to Beddingfield.

Farmer responds that Beddingfield clearly had a duty to him when she drafted the policy, because his ownership interest in the building was a matter of public record via the warranty deed. According to Farmer, the deed served as constructive notice "to all the world" of his ownership interest in the property. Thus, Farmer argues, Beddingfield knew or should have known that Farmer was a co-owner of the building and, therefore, should have included him as a beneficiary under Pearce's policy.

Neither party cites to authority that verifies whether Farmer is correct in this argument. Indeed, the court, after extensively reviewing Alabama case law on the subject, could find no authority that clearly answers whether an insurance agent has a duty to procure insurance on property for the benefit of both owners of said property, where only one owner applies for coverage and does not disclose the

existence of the other owner.

What is clear, however, is the Eleventh Circuit's mandate in *Florence* that, in the absence of clear Alabama law providing that Beddingfield cannot possibly be liable to Farmer under these circumstances, this court must remand the action to State court. Stated another way, due to the absence of clear law in Alabama that an insurance agent has no duty to a property owner in Farmer's position, this court will not conclude that Farmer's joinder of Beddingfield was fraudulent.

The court reaches a similar conclusion as to Farmer's reformation claim. Alabama Code. § 8-1-2 provides for the reformation of contracts as follows:

> When, through fraud, a mutual mistake of the parties or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, so far as it can be done without prejudice to the rights acquired by third persons in good faith and for value.

It is undisputed that an insurance policy may be subject to a reformation claim. *Highlands Underwriters Ins. Co. v. Elegante Inns, Inc.*, 361 So,2d 1060, 1063 (Ala. 1978). What is disputed here is whether an insurance policy can be reformed against the agent who drafted it – where the agent is not a party to the policy – in addition to the insurance company. Defendants argue that this question must be answered in the negative, as parties to a reformation claim are generally limited to "all persons whose

8

interest in the subject matter [of the instrument to be reformed], legal or equitable, will be immediately or consequently affected by the decree." *Dalrymple v. White*, 402 So.2d 968, 970 (Ala. 1981); *Leigeber v. Scott*, 83 So.2d 246 (Ala. 1955). Because Beddingfield has no interest in the subject matter of the policy, she is not a proper party to Farmer's reformation claim.

Farmer responds that, because Beddingfield procured the insurance policy that fails to include him as a beneficiary, it is her mistake that forms the basis of his reformation claim. This does not necessarily answer the question whether the policy may be reformed against her. Farmer argues, however, that, despite the fact that Beddingfield is not a party to the policy, she is a proper party to his reformation claim because she is in privity with State Farm's interest under the policy as a "representative" of State Farm.

Farmer bases this argument on a decision of the Alabama Supreme Court, which has instructed that

> [r]eformation will be allowed not only against the original parties [to a contract], but also against those claiming under them in privity, such as representatives, heirs or devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them with notice of the facts.

*Phoenix Chair Co. v. Daniel*, 155 So. 363, 366 (Ala. 1934).

This argument falls short of convincing the court that Beddingfield, who

9

otherwise does not appear to have any interest in the subject matter of the insurance policy or the reformation thereof, is sufficiently "claiming" under State Farm in privity consistent with the Alabama Supreme Court's reasoning in *Phoenix Chair*. However, it is not clear under Alabama law that an insurance policy <u>cannot</u> be reformed against an insurance agent in these circumstances.[5] As the court found in its discussion of Farmer's negligence claim, the lack of clarity on the issue signifies that Defendants' argument is not mandated by Alabama law, which is sufficient to compel remand. *See Florence*, 484 F.3d 1299.

Thus, while Defendants have cast doubt as to whether Beddingfield can be liable to Farmer based on the allegations in his Complaint, they have not demonstrated conclusively that Beddingfield cannot possibly be liable to Farmer under Alabama law. Therefore, based on the authority of the Eleventh Circuit in *Florence*, Farmer's Motion to Remand is due to be **GRANTED**.

---

[5] That the insurance claim could <u>possibly</u> be reformed against an insurance agent is supported by at least one Alabama case wherein a reformation claim was asserted against both an insurance company and its agent, *see Reliance Ins. Co. v. Substation Products Corp.*, 404 So.2d 598 (Ala. 1981). While Defendants argue that the Alabama Supreme Court did not expressly find in *Reliance* that the agent was a proper party to the reformation claim, *Reliance* at least casts doubt on whether Defendants are correct in arguing that the policy <u>cannot</u> be reformed against an insurance agent.

**DONE** this the thirtieth day of July, 2008.

                                                        **VIRGINIA EMERSON HOPKINS**
                                                        United States District Judge